**CV 15 - 1324**       **MAUSKOPF, J**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK       **GO, M.J.**
-----------------------------------------------------------------X
MELCHIDEK SHABAZZ and TIMOTHY BOYCE,

                                    Plaintiffs,

                                                                         COMPLAINT
                                                                         JURY TRIAL DEMANDED

          -Against-

THE CITY OF NEW YORK AND TREVOR BARTON,
Shield# 19832, individually, and JOHN DOES I, II, III and IV,
Individually[1].

                                    Defendants
-----------------------------------------------------------------X

        Plaintiffs, MELCHIDEK SHABAZZ and TIMOTHY BOYCE allege as follows:

I.     INTRODUCTION

1.     This is an action pursuant to 42 U.S.C. Section 1983, to vindicate the civil rights of. Plaintiffs were subjected to malicious prosecutions, and without justification or due process of law.

II.     JURISDICTION

2.     This Court has jurisdiction over this action under 42 U.S.C. Section 1983 and the 4th, 5th and 14th Amendments of the Constitution of the United States. Venue is proper, as the operative events occurred within this judicial district.

III.     PARTIES

3.     Plaintiffs, MELCHIDEK SHABAZZ and TIMOTHY BOYCE, at all relevant times, resided in the County of Kings and were private citizens who enjoyed all of the rights and protections of the United States Constitution.

---

[1] The names of the John Doe defendants are unknown at this time.

4. CITY OF NEW YORK is a state actor for 42 U.S.C. Section 1983 purposes. Defendant may sue and be sued, and its principle place of business is in New York County, New York. At all relevant times, the CITY OF NEW YORK employed the individual defendants listed herein. The CITY OF NEW YORK is herein sued for having violated plaintiff's civil rights while acting under color of state law and/or acting pursuant to its own practices, customs and policies

5. POLICE OFFICER, TREVOR BARTON, in his individual capacity, and JOHN DOES I, II, III AND IV, at all relevant times, were employed with the City of New York and/or the state of New York, as police officers and/or law enforcement officials. At all relevant times, they acted under color of state law and pursuant to the practices, policies and/or customs of the City of New York. They are herein sued in their individual capacities for violating plaintiffs' civil rights.

IV. FACTUAL AVERMENTS

6. On or about April 15, 2011, as claimants were relaxing in an apartment where they were visiting, police officer(s) mainly from the New York City Police Department forced their way in to the apartment.

7. Plaintiffs were also in different parts of the apartment, and individual defendants forced their way into those different parts of the apartment as well.

8. Both plaintiffs were immediately ordered to lie prone on the ground to be handcuffed.

9. Plaintiffs immediately protested their being handcuffed, ands stated that the individual actions amounted to misconduct, but did not otherwise resist arrest in any regard. In fact both plaintiffs angrily stated that they would pursue legal action.

2

10. Upon information and belief, individual defendants were displeased with the vehemence within which plaintiffs protested their handcuffing and arrests.

11. Plaintiffs had no understanding as to why they were being arrested, and individual plaintiffs, had no justification or explanation at the time for handcuffing them and arresting them.

12. Much later that day, while at a Central Booking location, plaintiffs learned that they had been arrested for possession of marijuana, even though they did not have custody or control of any marijuana.

13. At the time of the arrest, possession for marijuana was regarded as a low-level offense, especially depending upon the quantity of marijuana allegedly possessed.

14. Plaintiffs back and forth to Court fighting the false charges from on or about April 17, 2011 to March 13, 2012. Finally, on March 13, 2012, when the proceeding terminated in plaintiffs' favor, the case was dismissed and the record was sealed.

15. Plaintiffs were acquitted after a wholly unnecessary bench trial, which took away from plaintiffs' individual liberties and imperiled their employment, caused extreme embarrassment and opprobrium.

V. CAUSE OF ACTION

16. Plaintiffs hereby repeat and reallege each and every paragraph above.

17. By causing and/or plaintiffs to be arrested and prosecuted, for close to one year, without justification, thereby depriving plaintiffs of their liberty interests under the 4th, 5th and 14th Amendments of the United States Constitution, plaintiffs violated by 42 U.S.C. Section 1983.

PRAYER FOR RELIEF

3

18.     WHEREFORE, plaintiffs pray that this Court grant judgment to them containing the following relief:

a.  An award of plaintiffs' actual damages in an amount to be determined at trial.

b.  An award of compensatory damages to compensate plaintiffs for mental anguish, humiliation, embarrassment, and emotional injury;

c.  An award of punitive damages as against the individual defendants;

d.  An order enjoining defendants from engaging in the wrongful practices alleged herein;

e.  An award of reasonable attorneys' fees and the costs of this action and,

f.  Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       March 13, 2015

Respectfully Submitted,
Law Offices of Ambrose Wotorson
By_____
Ambrose W. Wotorson (AWW—2412)
225 Broadway, 41st Floor
New York, New York 10007
(646)-242-3227
Loaww1650@aol.com

4