UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MELCHIDEK SHABAZZ and TIMOTHY
BOYCE,

                     Plaintiffs,                           **MEMORANDUM AND ORDER**
                                                       15-CV-1324 (RPK) (RML)

    -against-

THE CITY OF NEW YORK, TREVOR
BARTON SHIELD #19832, and
JOHN DOES 1-4,

                     Defendants.
----------------------------------------------------------X
RACHEL P. KOVNER, United States District Judge:

    Plaintiffs Melchidek Shabazz and Timothy Boyce filed this lawsuit under 42 U.S.C.

§ 1983, claiming that they were subjected to false arrest and malicious prosecution.  The City of

New York, which is the only remaining defendant, has moved for summary judgment.  *See* Def.'s

Mem. in Supp. of Mot. for Summ. J. at 1 (Dkt. #30).  Because the Complaint does not set out any

basis for municipal liability, the City's motion is granted.

## BACKGROUND

### I.    Factual Background

    Plaintiffs allege that on April 15, 2011, N.Y.P.D. officers "forced their way into" an

apartment that plaintiffs were visiting.  Compl. ¶¶ 6-7 (Dkt. #1).  Plaintiffs assert they were

"immediately ordered to lie prone on the ground to be handcuffed."  *Id.* ¶ 8.  While plaintiffs claim

they did not "resist arrest in any regard," they allegedly threatened to "pursue legal action" and

protested that the officers' conduct "amounted to misconduct."  *Id.* ¶ 9.  Plaintiffs assert that the

arresting officers "were displeased with the vehemence within which plaintiffs protested their

handcuffing and arrests."  *Id.* ¶ 10.

Plaintiffs allege that they were taken to central booking, where they were informed "that they had been arrested for possession of marijuana, even though they did not have custody or control of any marijuana." *Id.* ¶ 12. They state that they traveled "back and forth from Court to fight the charges," which were ultimately dismissed after a bench trial. *Id.* ¶¶ 14-15. Plaintiffs contend that these events deprived them of liberty, "imperiled their employment," and "caused extreme embarrassment and opprobrium." *Id.* ¶ 15.

## II.   Procedural History

In 2015, plaintiffs filed suit under 42 U.S.C. § 1983 against the City, Police Officer Trevor Barton, and police officers identified as John Does I, II, III, and IV. *Id.* ¶¶ 3-5. Plaintiffs alleged that the defendants had violated their Fourth, Fifth, and Fourteenth Amendment rights. *Id.* ¶ 15. Plaintiffs never served Officer Barton or any of the unnamed N.Y.P.D. officers, and they concede that the statute of limitations has run as to those defendants. *See* July 21, 2020 Min. Entry and Order; *see also* Def.'s Rule 56.1 Statement at ¶ 4 (Dkt. #29); Pls.' Rule 56.1 Statement at ¶ 4 (Dkt. #34).

The City requested a pre-motion conference regarding a possible motion for summary judgment. *See* Def.'s Pre-Motion Conference Ltr. (Dkt. #20). Its letter requesting the conference argued that the complaint did not contain allegations that would support municipal liability under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). *See* Def.'s Pre-Motion Conference Ltr. at 1-2 (Dkt. #20). At a conference on the anticipated motion, I set a deadline for plaintiffs to amend their complaint to address that alleged pleading deficiency, if desired, and set a briefing schedule for the City to move for summary judgment. *See* July 21, 2020 Min. Entry and Order. The deadline for plaintiffs to amend the complaint lapsed without plaintiffs taking any action.

Two weeks later, the City filed its motion for summary judgment.  *See* Notice of Def's Mot. for Summ. J. (Dkt. # 27).

## STANDARD OF REVIEW

A trial judge may dismiss a complaint "for failure to state a cause of action upon motion for summary judgment." *Schwartz v. Compagnie Gen. Transatlantique*, 405 F.2d 270, 273 (2d Cir. 1968); *see, e.g.*, *Myers v. Moore*, 326 F.R.D. 50, 58-59 (S.D.N.Y. 2018) (same); *Risco v. McHugh*, 868 F. Supp. 2d 75, 106 n.45 (S.D.N.Y. 2012) (same); *see also Muntaqim v. Coombe*, 366 F.3d 102, 106 (2d Cir. 2004), *opinion vacated on other grounds on reh'g en banc*, 449 F.3d 371 (2d Cir. 2006); *Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 887 (2d Cir. 1987); 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2713 (4th ed. 2020).

A complaint may only survive dismissal if it "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The facial "plausibility standard is not akin to a probability requirement," but it requires a plaintiff to allege sufficient facts to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ibid.* (quotations omitted) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007)).  "A well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof [of the facts alleged] is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (quotations omitted).

When analyzing whether a complaint should be dismissed, a court must generally constrain its review to the complaint itself, documents attached to the complaint as exhibits, documents incorporated by reference in the complaint, and certain documents that are relied on so heavily in the complaint as to be integral to the document.  *DiFolco v. MSNBC Cable, LLC*, 622 F.3d 104,

111 (2d Cir. 2010). The court must also accept all facts alleged in the complaint as true. *Iqbal*, 556 U.S. at 678. Even so, the court, is not obligated to adopt "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action" that are not "supported by factual allegations." *Id*. at 678-79.

## DISCUSSION

Although defendants have styled their motion as one for summary judgment, dismissal is appropriate here because plaintiffs have failed to state a claim for municipal liability in their pleadings. *See Schwartz*, 405 F.2d at 273.

Section 1983 of Title 42 "provides a cause of action against any person who deprives an individual of federally guaranteed rights under color of state law." *Filarsky v. Delia*, 566 U.S. 377, 383 (2012) (internal quotations omitted). A municipality such as the City of New York can be liable under Section 1983 only if an "action pursuant to official municipal policy of some nature" caused the alleged deprivation of the plaintiff's rights. *Monell*, 436 U.S. at 691; *see Connick v. Thompson*, 563 U.S. 51, 60-61 (2011). Municipalities "are not vicariously liable under § 1983 for their employees' actions." *Connick*, 563 U.S. at 60 (citations omitted). A plaintiff who seeks to hold a municipality liable under Section 1983 must allege (i) "an official policy or custom," that (ii) "cause[d] the plaintiff to be subjected to," (iii) a "denial" of a federally guaranteed right. *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007). A plaintiff can allege a municipal policy or custom by pointing to "decisions of a government's lawmakers, the acts of its policymaking officials, . . . practices so persistent and widespread as to practically have the force of law" or, "[i]n limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights." *Connick*, 563 U.S. at 61 (citations omitted). But isolated acts "by non-policymaking municipal employees are generally

not sufficient to demonstrate a municipal custom, policy, or usage that would justify municipal liability." *Jones v. Town of East Haven*, 691 F.3d 72, 81 (2d Cir. 2012).

Here, plaintiffs have failed to state a claim against the City because they have not sufficiently alleged that they were harmed pursuant to "an official policy or custom." *Wray*, 490 F.3d at 195.  The closest the Complaint comes to meeting this pleading requirement is to allege that "police officers and/or law enforcement officials" harmed plaintiffs "pursuant to the practices, policies and/or customs of the City of New York." Compl. ¶ 5.  But it is not enough for plaintiffs to offer "[t]hreadbare recitals of the elements of a cause of action" that are not "supported by factual allegations." *Iqbal*, 556 U.S. at 678-79.  The Complaint's allegations solely concern the specific events surrounding plaintiffs' arrests and prosecutions, and harms caused by "non-policymaking municipal employees," *Jones*, 691 F.3d at 81.  Nothing in the Complaint suggests that plaintiffs' arrests and prosecutions reflected "persistent and widespread practices," *Connick*, 563 U.S. at 61, or that any "policymaking official ordered or ratified the [City] employee's actions—either expressly or tacitly," *Jones*, 691 F.3d at 81.  Plaintiffs have therefore failed to state a claim for municipal liability.

In reaching this determination, I do not consider plaintiffs' claim, raised for the first time in their brief in opposition to summary judgment, that prosecutors retaliated against them for threatening to sue the City.  *See* Pls.' Mem. of L. in Opp. to Def.'s Mot. for Summ. J. at 5, 8-15 (Dkt. #32).  District courts are "justified in brushing aside further argument[s] not alleged in [the] complaint but raised for the first time in opposition to summary judgment." *Zann Kwan v. Andalex Group LLC*, 737 F.3d 834, 843 (2d Cir. 2013) (internal quotation marks and alteration omitted); *see also, e.g.*, *Vitti v. Macy's Inc.*, 758 F. App'x 153, 158 (2d Cir. 2018); ("A plaintiff may not assert a claim for the first time in opposition to a motion for summary judgment."); *Wilson v. City*

*of New York*, 480 F. App'x 592, 594 (2d Cir. 2012) ("[W]e agree with the district court that it is inappropriate to raise new claims for the first time in submissions in opposition to summary judgment.") (internal quotation marks omitted).[*]  Plaintiffs' attempt to smuggle in new claims here is especially inappropriate because (i) this action has been pending for more than five years, *see* Compl.; (ii) discovery closed nearly four years ago, *see* Dec. 14, 2016 Minute Entry and Order; and (iii) plaintiffs were specifically granted the opportunity to amend their complaint before the City's summary judgment motion was due, *see* July 21, 2020 Min. Entry and Order, but ultimately failed to do so.   Therefore, I decline to consider plaintiffs' claims arising out of alleged prosecutorial misconduct.

## CONCLUSION

Defendant's motion is granted and the Complaint is dismissed with prejudice.  The Clerk of Court is directed to enter judgment in favor of the City and close this case.

SO ORDERED.

*/s/ Rachel Kovner*
RACHEL P. KOVNER
United States District Judge

Dated: February 17, 2021
Brooklyn, New York

---

[*]    The City asks in its reply brief that I strike plaintiff Timothy Boyce's affidavit. *See* Def.'s Reply in Supp. of Mot. for Summ. J. at 6 (Dkt. #36).  That motion is denied because Rule 12(f) of the Federal Rules of Civil Procedure only permits courts to strike "pleadings"—not other types of filings such as affidavits, declarations, and motions. *See, e.g.*, *MMA Consultants 1, Inc. v. Republic of Peru*, 245 F. Supp. 3d 486, 499 (S.D.N.Y.) (holding that a motion to strike is an "improper vehicle for challenging a declaration"), *aff'd*, 719 F. App'x 47 (2d Cir. 2017); *Granger v. Gill Abstract Corp.*, 566 F. Supp. 2d 323, 334-35 (S.D.N.Y. 2008) ("[Rule 12(f)] allows a court to strike pleadings only. . . Motions, declarations and affidavits are not pleadings." (quotations and citations omitted); *see* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1380 (3d ed. 2004) ("[M]otions, affidavits, briefs, and other documents outside of the pleadings are not subject to Rule 12(f).").